IN THE UNITED STATES DISRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| STEVEN PETERSON,<br><br>    Plaintiff,<br><br>v.<br><br>MARTIN MARIETTA MATERIALS, INC.,<br>and JEFF BALDWIN, and STACY<br>OLBERDING, individually and in their<br>corporate capacities,<br><br>    Defendant. | No. 14-cv-3059<br>Worth County Case No. LACV012307<br><br><br><br>NOTICE OF REMOVAL |

COME NOW, Defendants, Martin Marietta Materials, Inc., Jeff Baldwin, and Stacy

Olberding, individually and in their corporate capacities (hereinafter collectively referred to as

"Defendants"), pursuant to 28 U.S.C. § 1441 and Local Rule 81, and for their Notice of Removal

states:

    1.    Defendants are named defendants in a civil action commenced on August 26,

2014 in the Iowa District Court for Worth County entitled: Steven Peterson, Plaintiff, vs. Martin

Marietta Materials, Inc., and Jeff Baldwin, and Stacy Olberding, individually and in their

corporate capacities.  That action is docketed as Case No. LACV012307.

    2.    The Original Notice and Petition were served on the Defendants on August 28,

2014, and the return of service for the same was filed on September 4, 2014.  Accordingly, this

Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

    3.    This action is a suit of civil nature brought under theories of discrimination based

on disability and retaliation.

4.    Specifically, Steven Peterson (hereinafter "Plaintiff") seeks recovery under 42 U.S.C. § 12101 *et seq.*, 42 U.S.C. § 2000 *et seq.*, Iowa Code Chapter 216, and 29 U.S.C. § 2602 *et seq.* Plaintiff seeks recovery under, as well as Iowa Code Chapter 216 for alleged retaliation in response to his opposition to discrimination in the workplace.

5.    In Count I of the Petition, Plaintiff seeks recovery under 42 U.S.C. § 12101 *et seq.*, for his claim of alleged discrimination and unlawful employment practices in violation of the Americans with Disabilities Act of 1990, as amended.

6.    In Count III of the Petition, Plaintiff seeks recovery under 42 U.S.C. § 2000 *et seq.*, for his claim of alleged retaliation in response to his opposition to discrimination in the workplace.

7.    In Count IV of his Petition, Plaintiff seeks recovery under 29 U.S.C. § 2602 *et seq.*, for his claim of alleged retaliation in violation of the Family Medical Leave Act.

8.    Although Plaintiff does not make a sum-specific monetary demand in his Petition, Plaintiff does seek compensatory damages, as well as punitive damages and attorneys fees. These claims for relief, if constituting Plaintiff's sole causes of action, would be within this Court's original jurisdiction, exclusive of interest and costs. This action is, therefore, one in which the United States District Court has original jurisdiction pursuant to 28 U.S.C, § 1331.

9.    In accordance with U.S.C. §1446(a), and in fulfillment of the requirements of LR81 of the Local Rules of the Northern District of Iowa, a list of all process and pleadings, which is filed simultaneously with this notice. A copy of Plaintiff's Petition and Jury Demand is attached to this Notice and marked as Exhibit "A".

10.    Defendants served this Notice of Removal on counsel for Plaintiff on the date set forth in the certificate of service shown below.

2

11.     Defendants have also filed a copy of this Notice of Removal with the Clerk of the Iowa District Court for Worth Count, as required by law.  A copy of that Notice of Filing Removal to Federal Court is attached hereto and marked as Exhibit "B".

12.     By filing this Notice of Removal, Defendants do not waive any defenses which may be available to them.

13.     All requirements of jurisdiction established by 28 U.S.C. § 1331 have been satisfied, and this action is, therefore, removable pursuant to 28 U.S.C. § 1441(b).

WHEREFORE, Defendants, Martin Marietta Materials, Inc., Jeff Baldwin, and Stacy Olberding, individually and in their corporate capacities, hereby remove the state court action pending as Case No. LACV012307 in the Iowa District Court for Worth County to this United States District Court.

WHITFIELD & EDDY, P.L.C.
317 Sixth Avenue, Suite 1200
Des Moines, IA  50309-4195
Telephone:  (515) 288-6041
Fax:  (515) 246-1474


By ____/s/ Bernard L. Spaeth, Jr._____
        Bernard L. Spaeth, Jr. AT0007480
        spaeth@whitfieldlaw.com

By ____/s/ S. Luke Craven_____
        S. Luke Craven        AT0010648
        craven@whitfieldlaw.com

ATTORNEYS FOR DEFENDANTS

Original Filed.

3

Copies to:

Mark D. Sherinian
Sherinian & Walker Law Firm
302 Neptune Building
4401 Westown Parkway
West Des Moines, IA 50266
Telephone: (515) 224-2079
Facsimile: (515) 224-2321
Email: sherinianlaw@msn.com

Sarah A. Reindle
Reindl Law Firm
100 First Street NW, Suite 120
Mason City, Iowa 50401
Phone/Facsimile: (641)-423-6843
Email: sarah@reindllawfirm.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause or to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on _____9/26_____, 2014.

By: ☑ U. S. Mail         ☐ eMail
    ☐ Hand Delivered     ☐ Overnight Courier
    ☐ Certified Mail     ☐ Other: _____
    ☐ FAX

Signature: _Tricia Dittle_____

4

# THE IOWA DISTRICT COURT
### ___WORTH___ COUNTY

LAW [X]
EQUITY [ ]

STEVEN PETERSON _____,
**Plaintiff(s),**

vs.

MARTIN MARIETTA MATERIALS, INC., and
JEFF BALDWIN, and STACY OLBERDING,
individually and in their Corporate Capacities _____,
**Defendant(s).**

NO.: _____

DATE PETITION FILED: _____

## ORIGINAL NOTICE

TO THE ABOVE-NAMED DEFENDANT(S):

You are notified that a petition has been filed in the office of the clerk of this court naming you as the defendant(s) in this action. A copy of the petition (and any documents filed with it) is attached to this notice. The name(s) and address(es) of the attorney(s) for the plaintiff(s) (is) (are) See Addendum 1 _____

The attorney's(s') phone number(s) (is) (are) 641-423-6843 and 515-224-2079 _____
facsimile number(s) 641-423-6843 and 515-224-2321 _____

You are further notified that the above case has been filed in a county that utilizes electronic filing. Unless, within 20 days after service of this original notice upon you, you serve, and within a reasonable time thereafter file a motion or answer, in the Iowa District Court for Worth _____ County, at the courthouse in Northwood _____, Iowa, judgment by default will be rendered against you for the relief demanded in the petition. Please see Iowa Court Rules Chapter 16 for information on electronic filing and Iowa Court Rules Chapter 16, division VI regarding the protection of personal information in court filings.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (641) 421-0990 _____.
(If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942)

(SEAL)

Worth _____ County Courthouse
Northwood, Iowa 50459

**IMPORTANT: YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS**

© The Iowa State Bar Association 2014
IOWADOCS®

301 ORIGINAL NOTICE FOR PERSONAL SERVICE
Revised July 2013

**EXHIBIT**

A

tabbies®

# Addendum

Addendum 1

Sarah A. Reindl, Reindl Law Firm, 100 First Street NW, Suite 120, Mason City, Iowa 50401 and Mark D. Sherinian, Sherinian & Walker Law Firm, 302 Neptune Building, 4401 Westown Parkway, West Des Moines, Iowa 50266

# THE IOWA DISTRICT COURT
## WORTH COUNTY

LAW [X]
EQUITY [ ]

STEVEN PETERSON

**Plaintiff(s),**

vs.

MARTIN MARIETTA MATERIALS, INC., and
JEFF BALDWIN, and STACY OLBERDING,
individually and in their Corporate Capacities

**Defendant(s).**

NO.: _____

DATE PETITION FILED: _____

**ORIGINAL NOTICE**

TO THE ABOVE-NAMED DEFENDANT(S):

    You are notified that a petition has been filed in the office of the clerk of this court naming you as the defendant(s) in this action. A copy of the petition (and any documents filed with it) is attached to this notice. The name(s) and address(es) of the attorney(s) for the plaintiff(s) (is) (are) See Addendum 1 _____

_____

The attorney's(s') phone number(s) (is) (are) 641-423-6843 and 515-224-2079 _____

facsimile number(s) 641-423-6843 and 515-224-2321 _____

    You are further notified that the above case has been filed in a county that utilizes electronic filing. Unless, within 20 days after service of this original notice upon you, you serve, and within a reasonable time thereafter file a motion or answer, in the Iowa District Court for Worth _____ County, at the courthouse in Northwood _____, Iowa, judgment by default will be rendered against you for the relief demanded in the petition. Please see Iowa Court Rules Chapter 16 for information on electronic filing and Iowa Court Rules Chapter 16, division VI regarding the protection of personal information in court filings.

    If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (641) 421-0990 _____.

(If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942)

(SEAL)

Worth _____ County Courthouse

_____ Northwood, Iowa 50459

**IMPORTANT:** YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS

# Addendum

Addendum 1
> Sarah A. Reindl, Reindl Law Firm, 100 First Street NW, Suite 120, Mason City, Iowa 50401 and Mark D. Sherinian, Sherinian & Walker Law Firm, 302 Neptune Building, 4401 Westown Parkway, West Des Moines, Iowa 50266



State of Iowa Courts

| | |
|---|---|
| **Type:** | CIVIL ORIGINAL NOTICE |
| **Case Number** | **Case Title** |
| | STEVEN PETERSON VS. MARTIN MARIETTA, J BALDWIN & S |

So Ordered

*Sandra K Bice*

Sandra K. Bice, Clerk of Court Designee,
Worth County Iowa

Electronically signed on 2014-08-26 13:17:26     page 3 of 3

# STATE OF IOWA JUDICIARY

*Case No.* LACV012307

*County* Worth

*Case Title* STEVEN PETERSON VS. MARTIN MARIETTA, J BALDWIN & S

THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:
http://www.iowacourts.state.ia.us/Efile

FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16: http://www.iowacourts.state.ia.us/Efile



Scheduled Hearing:

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(641) 421-0990** . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued* 08/26/2014 01:17:27 PM



*District Clerk of* Worth          *County*

/s/ Sandy Bice

| | | |
|---|---|---|
| STEVEN PETERSON, | * | No. |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | **PETITION** |
| | * | **AND JURY DEMAND** |
| MARTIN MARIETTA | * | |
| MATERIALS, INC., and, | * | |
| JEFF BALDWIN, and | * | |
| STACY OLBERDING, | * | |
| individually and in their corporate | * | |
| capacities, | * | |
| | * | |
| Defendants. | * | |
| | * | |

COMES NOW the Plaintiff, Steven Peterson, by and through his attorneys, Sherinian & Walker Law Firm and Reindl Law Firm, and for his petition and jury demand against the Defendant, Martin Marietta Materials, Inc., Jeff Baldwin, and Stacy Olberding, individually and in their corporate capacities, states as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to the American with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, the Iowa Civil Rights Act, Iowa Code §216.6(1)(a), and Family Medical Leave Act (FMLA), 29 USC §2602, *et seq.*

2. The unlawful acts alleged below have been committed in Worth County, Iowa and therefore venue is proper in this Court.

3. The amount in controversy exceeds the jurisdictional requirements of this Court.

## THE PARTIES

4.     At all times material herein, the Plaintiff, Steven Peterson, was and is a citizen and resident of Mason City, Cerro Gordo County, Iowa and employee of Defendant Martin Marietta Materials, Inc. (hereafter Defendant "Martin Marietta"). At the time of his separation, Plaintiff was assigned to work at Defendant Martin Marietta's worksite located in Worth County, Iowa.

5.     Defendant, Martin Marietta Materials, Inc., is a North Carolina corporation with its principal place of business in Raleigh, North Carolina, and is licensed to do business in Iowa.

6.     Defendant Jeff Baldwin is a citizen and resident of Hardin County, Iowa and was a managerial employee of the Defendant Martin Marietta who was personally involved in the discriminatory conduct alleged in this Petition.  At all times material hereto Defendant Baldwin was the Plant Manager for Defendant Martin Marietta.

7.     Defendant Stacy Olberding is a citizen and resident of Hardin County, Iowa and was a managerial employee of the Defendant Martin Marietta who was personally involved in the discriminatory conduct alleged in this Petition.  At all times material hereto Defendant Olberding was the human resources representative for Defendant Martin Marietta.

8.     Plaintiff worked for Defendant Martin Marietta at its 1424 Highway 105, Worth County, Iowa address.  Defendant Martin Marietta has an office in Worth County, Iowa.

9.     The Plaintiff was employed by Defendant Martin Marietta from April of 2005 to November 13, 2012.

2

## CONDITIONS PRECEDENT

10.     Plaintiff has filed, within 300 days of the date of his termination, a charge of disability discrimination against the Defendants with the Iowa Civil Rights Commission (ICRC), which was cross-filed with the Equal Employment Opportunity Commission (EEOC). A copy of said charge is attached hereto as Exhibit A and Plaintiff incorporates by reference all factual allegations appearing in the charge.

11.     On July 31, 2014, the Iowa Civil Rights Commission issued an Administrative Release (letter of right-to-sue), a copy of which is attached hereto as Exhibit B.

12.     On August 1, 2014, the Equal Employment Opportunity Commission issued a Notice of Right to Sue, a copy of which is attached hereto as Exhibit C.

13.     Plaintiff exhausted his administrative remedies and this suit is timely filed.

## FACTUAL BACKGROUND

14.     In November 2010, Plaintiff was hospitalized for two weeks in the Intensive Care Unit because of a medical condition.

15.     In late 2010 and early 2011, Plaintiff was off work and on leave protected by the Family Medical Leave Act (FMLA) for approximately six months.

16.     Thereafter, Plaintiff returned to work for Defendant Martin Marietta and at all times material hereto was qualified for his employment with Defendant Martin Marietta.

17.     In August 2011, Plaintiff began treating for his medical condition which caused Plaintiff to appear very pale and to experience severe side effects including but not limited to excruciating pain, fatigue, internal bleeding, and vomiting.

3

18.     Coworkers and managerial employees noticed Plaintiff's changes in appearance and inquired whether he was alright. Plaintiff shared that he was undergoing treatment for a medical condition, what that treatment entailed, the impact it had on him, and educated his coworkers and managers about his medical condition.

19.     The treatment Plaintiff was undergoing impacted his health and activities of daily living to a significant degree and caused such severe side effects that Plaintiff was taken from work on one occasion in approximately late November to early December of 2011 to the emergency room. Plaintiff was reprimanded by Defendant Martin Marietta for not returning to work later that afternoon.

20.     Approximately two weeks later, in December 2011, Plaintiff again went on leave protected by the FMLA. During his leave, Plaintiff stayed in contact with Defendant's Olberding, and shared information with her about the status of his medical condition.

21.     Defendant Olberding repeatedly told Plaintiff that he could come back to work only when he was "feeling 100%", asked him personal questions about his condition, and his expected return to work date.

22.     Plaintiff understood from Defendant Olberding that he would not be permitted to return to work with restrictions or limitations and, that if he asked for an accommodation, he would not be permitted to return to work.

23.     Defendant Martin Marietta does not have a "light duty" program and does not accommodate employees with restrictions or disabilities.

24.     In May of 2012, Plaintiff was released to return to work without any restrictions or limitations.

4

25.     Plaintiff was not reinstated to his previous position on Portable #2. Defendant Martin Marietta acknowledged Plaintiff's request that he be reinstated to his old crew but was told that the change was only temporary while it figured out a "place to stick" him.

26.     Plaintiff was no longer permitted overtime, assigned to work nights, moved from position to position, and placed in the lowest position possible of "Gopher" to the younger employees with less experience and seniority.

27.     Defendant Martin Marietta's practice when it wanted someone to quit was to move the person from position to position and from shift to shift until they resigned. Plaintiff had personally observed Defendants do this to others before him who had returned from medical leaves.

28.     Defendant Martin Marietta required Plaintiff to wear a pair of prescription sunglasses at all times while he was working. Because Plaintiff worked days, he selected the shaded safety glasses. Defendant Martin Marietta did not issue Plaintiff new unshaded prescription safety glasses.

29.     In addition, the day after Plaintiff returned from leave, Plaintiff was removed from the Safety Captain position he had previously enjoyed before going on leave. When Plaintiff was removed from his Safety Captain position he asked if he was being demoted to which Guy Deeley, Plaintiff's supervisor, responded "yeah, pretty much."

30.     The Safety Captain position was a position of prominence and prestige within the Company and which brought with it benefits including but not limited to time

5

off, awards, recognition, training duties, fine dinners with the president of the company, financial payment, and increased upward job mobility

31. From his return to work in May of 2012 until his termination in November of 2012, Plaintiff repeatedly asked to be returned to his old position in Portable 2 and to be returned to the Safety Captain position.

32. Plaintiff complained to Defendant Stacy Olberding about his removal as Safety Captain and threatened to call the Ethics Hotline. Ms. Olberding responded that he could go ahead and do that but that the hotline personnel would simply refer the matter back to her and she was the one of the people who originally decided to remove him from the position.

33. From Plaintiff's return to work in May of 2012 until his termination in November of 2012, Defendant Stacy Olberding repeatedly and regularly asked Plaintiff whether he was "feeling 100%".

34. From Plaintiff's return to work in May of 2012 until his termination in November of 2012, Plaintiff was ridiculed by coworkers over the radio with comments such as "big baby needs to eat his lunch", which was a reference to his medical condition because he needed to eat his lunch to take his medicine and he needed to be able to use the bathroom because of the side effects of his medication. This statement was made so that managers at the facility could overhear it.

35. At times, Plaintiff was denied his request to eat his lunch and take his medication or use the bathroom.

36. Coworkers referred to Plaintiff as "Dead Man Walking" in the break room, within hearing of managerial employees.

37.     Coworkers told Plaintiff that Defendant Stacy Olberding and other managerial level employees made fun of him behind his back because of his medical condition.

38.     Defendants hired one or two other new employees for Portable 2 after Plaintiff returned from leave in May of 2012.

39.     Plaintiff was told by a coworker that the Defendants planned to "bounce him around" between various positions until he quit.

40.     On November 9, 2012, Defendant Martin Marietta directed Plaintiff to go into a quarry while it was dark out to work. There were no lights at the quarry. At approximately 6:45 a.m., Plaintiff backed into a rock causing damage to the truck.

41.     On November 9, 2012, the sunrise occurred at 6:49 a.m.

42.     On November 13, 2012, the Defendants terminated the Plaintiff from his employment because Defendants stated they needed to let Plaintiff go "before he hurt himself or someone else".

43.     Other employees, who were not disabled, perceived as disabled and/or taken FMLA leave, had been in accidents, and sometimes multiple accidents, within one year but were not fired.

44.     Upon information and belief, Plaintiff is the only person fired for causing damage to company property by the management team existing at the time of Plaintiff's termination composed of Defendant Baldwin, Defendant Olberding and Bruce Hansen.

## COUNT I

### 42 U.S.C. § 12101 et. seq.
### (Disability Discrimination)

45.    Plaintiff repleads the allegations of paragraph 1 through 44 above as if fully set forth herein.

46.    Plaintiff is disabled within the meaning of 42 U.S.C. § 12102(2) and Plaintiff was an employee of Defendant Martin Marietta as defined in 42 U.S.C. § 12111(4).

47.    Defendant Martin Marietta is an employer within the meaning of 42 U.S.C. § 12111(5) and employs more than fifteen (15) persons.

48.    Defendants discriminated against the Plaintiff in the terms and conditions of his employment because of his disability in violation of 42 U.S.C. § 12101 *et seq.*

49.    The Defendants failed to accommodate the Plaintiff's disability in violation of 42 U.S.C. § 1211 *et seq.*

50.    The Defendants terminated the Plaintiff because of his disability, his requests for accommodation and complaints of discrimination in violation of 42 U.S.C. § 1211 *et seq.*

51.    As proximate cause of the discriminatory actions by Defendants, Plaintiff has been damaged. Specifically he has suffered lost wages and benefits, emotional and mental anguish, humiliation, embarrassment, and loss of enjoyment of life.

52.    Defendants acted intentionally, maliciously, or with reckless indifference to the rights of Plaintiff and knew or should have known that their actions were illegal, and, therefore, punitive damages are appropriate.

8

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment against Defendants and award damages, including damages for lost wages and benefits, emotional distress, mental anguish, compensatory relief, punitive damages, reasonable attorney fees, and court costs with interest, as provided by law and such other and further relief including reinstatement and back pay, as the Court deems just and equitable.

## COUNT II

### Chapter 216 Code of Iowa (2005)
### (Discrimination on the Basis of Disability)

53.     Plaintiff repleads the allegations of paragraph 1 through 52 above as if fully set forth herein.

54.     Defendants discriminated against the Plaintiff in the terms and conditions of his employment because of his disability in violation of Chapter 216 *et seq.*, Code of Iowa (2005).

55.     Defendants failed to accommodate the Plaintiff in violation of Chapter 216 *et seq.*, Code of Iowa (2005).

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment against the Defendants and award damages, including damages for lost wages and benefits, emotional distress, mental anguish, compensatory relief, damages, reasonable attorney fees, and court costs with interest, as provided by law and such other and further relief including reinstatement and back pay, as the Court deems just and equitable.

## COUNT III

### 42 U.S.C. § 2000 et seq. & Iowa Civil Rights Act
### (Retaliation)

56.     Plaintiff repleads the allegations of paragraph 1 through 55 above as if fully set forth herein.

9

57. Plaintiff opposed discrimination in the workplace.

58. Defendants took adverse employment action against Plaintiff in retaliation for his opposition to discrimination in the workplace, in violation of 42 U.S.C. § 2000 et seq. and the Iowa Civil Rights Act.

59. As a proximate cause of Defendants' illegal actions, Plaintiff has been damaged.

60. Defendants acted with malice and/or reckless indifference to the rights of Plaintiff and therefore he is entitled to punitive damages.

**WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment against the Defendant and award damages, including damages for lost wages and benefits, emotional distress, mental anguish, compensatory relief, damages, reasonable attorney fees, and court costs with interest, as provided by law and such other and further relief including reinstatement and back pay, as the Court deems just and equitable.

## COUNT IV

### Retaliation in Violation of the FMLA

61. Plaintiff repleads the allegations of paragraph 1 through 60 above as if fully set forth herein.

62. Plaintiff engaged in statutorily protected conduct.

63. Plaintiff suffered an adverse employment action.

64. There is a causal connection between the protected conduct and the adverse employment action.

10

65.     As a result of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to lost wages, benefits, future earnings, and other emoluments of employment.

**WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment against the Defendants and award damages, including damages for lost wages and benefits, emotional distress, mental anguish, compensatory relief, damages, reasonable attorney fees, and court costs with interest, as provided by law and such other and further relief including reinstatement and back pay, as the Court deems just and equitable.

## JURY DEMAND

66.     Plaintiff hereby demands a trial by jury in this matter.

Respectfully Submitted,

SHERINIAN & WALKER LAW FIRM

By_____/s/ Mark D. Sherinian_____
Mark D. Sherinian, PK0007701
302 Neptune Building
4401 Westown Parkway
West Des Moines, IA 50266
Telephone: (515) 224-2079
Facsimile: (515) 224-2321
Email: sherinianlaw@msn.com

REINDL LAW FIRM

By: /s/ Sarah A. Reindl
Sarah A. Reindl, AT0010690
100 First Street NW, Suite 120
Mason City, Iowa 50401
Fax/Phone: 641-423-6843
sarah@reindllawfirm.com

ATTORNEYS FOR PLAINTIFF

# IOWA CIVIL RIGHTS COMMISSION COMPLAINT FORM

Complaint of Discrimination under Iowa Code Chapter 216, "Iowa Civil Rights Act of 1965"
*NOTE: A copy of this complaint will be sent to the Organization or person you are filing against.*

| (AGENCY USE ONLY) | |
|---|---|
| ICRC CP# _02-13-63818_ | **Iowa Civil Rights Commission** |
| Local Commission# _____ | **400 East 14th Street** |
| EEOC# _26A-2013-00453 C_ | **Des Moines, IA 50319-0201** |
| **515-281-4121 / 800-457-4416** / Fax: 515-242-5840 / http://www.state.ia.us/government/crc | |

(TYPE OR PRINT)

**1.** What is your legal name? _____Steven S. Peterson_____

**2.** What is your mailing address? _15186 300th Street_

City: _Mason City_   State: ___IA___   Zip Code: __50401__

**3.** Telephone #: ___641-423-5973___

**4.** Your date of birth? _April 14, 1964_   Your sex/gender?_Male_

**5.** Please check the **AREA** in which the discrimination occurred.

**Employment**____X____   **Public Accommodation**_____   **Housing**_____
**Education**_____   **Credit**_____

**6.** Please check the **ACTION** that the Organization took against you. (Check all that apply)

| | | | |
|---|---|---|---|
| _X_ | Demotion | _X_ | Failure to Train |
| ___ | Denied Accommodation/Modification | ___ | Force to Quit/Rehire |
| _X_ | Denied Benefits | _X_ | Harassment |
| ___ | Denied Financial Services/Credit | ___ | Laid-Off/Failure to recall |
| ___ | Denied Service | ___ | Reduced Hours |
| _X_ | Disciplined/Suspended | ___ | Reduced Pay |
| ___ | Eviction | ___ | Sexual Harassment |
| ___ | Failure to Hire | _X_ | Terminated |
| ___ | Failure to Promote | _X_ | Undesirable Assignment/Transfer |
| ___ | Failure to Rent | ___ | Unequal Pay |

Other: _____

**7.** Do you believe you were discriminated against because of your Race? _____

If yes, what is your Race?_____

RECEIVED IOWA CIVIL RIGHTS COMM 2013 FEB -5 PM 1:24

EXHIBIT
A

8. Do you believe you were discriminated against because of your National Origin? _____

     If yes, what is your National Origin?_____

9. Do you believe you were discriminated against because of your sex? _____

10. Do you believe you were discriminated against because of your sexual orientation?_____

     If yes, what is your sexual orientation? _____

11. Do you believe you were discriminated against because of your gender identity?_____

12. Do you believe you were discriminated against because of a disability, real or perceived?

     If yes, what is your disability? __Hepatitus C, Heart Issues, thyroid issues_____

13. Do you believe you were discriminated against because of your religion or creed?_____

     What is your religion or creed? _____

14. Do you believe you were discriminated against because of your pregnancy or pregnancy related issues? _____

15. If your complaint involves employment or credit, do you believe you were discriminated against because of your age? _____

16. If your complaint involves housing or credit, do you believe you were discriminated against based on your familial status? _____If yes, how many children live with you? _____

17. If your complaint involves credit, do you believe you were discriminated against based on your marital status? _____ If yes, what is your status?_____

18. If you have previously complained to anyone within the organization or the ICRC or reported discrimination or participated as a witness, do you believe you have suffered an adverse action or been treated differently since you complained about discrimination?_____

If yes, how were you retaliated against and by whom?_____

_____

_____

19. What is the Full Legal Name of the Organization that discriminated against you?
[This Organization will be charged with discrimination and given a copy of your complaint.]

Martin Marietta Materials, Incorporated _____

City: ___Alden_____ County: ___Hardin_____ State: ___Iowa_____

Zip Code: ___50006_____ Telephone #: (_641) 859__ - _3350 or 3358_____

**20.** If the organization listed in #18 has a Parent Organization or Corporate Office list it here. [This Organization will <u>also</u> be charged with discrimination and given a copy of your complaint.]

_____

City:_____ State: _____

Zip Code: _____ Telephone #: (_____) _____ - _____

**21.** Provide the address of the location where the discrimination occurred.

Address: __17243 County Highway D-20_____

**22.** If Employment is the Area, give approximate number of ALL employees (full-time & part-time) at ALL employer locations nationwide (**REQUIRED**):

4-14_____ 15-19_____ 20-100 _____ 101-200 _____ 201-500_____ 500+__X___

**23.** Have you filed this complaint with any other Federal, State, or Local anti-discrimination agency? _____ Yes _____ No

If yes, what agency?_____ When? _____

**24.** If you are claiming an individual discriminated against or harassed you, identify the individual(s).  [**The individual[s] will be charged with discrimination and will be given a copy of your complaint.**]

Name: __Jeff Baldwin_____ Title: __Plant Manager_____

<u>Work</u> or Home Address: _17243 County Highway D-20, Alden, Iowa_____

Name: _Stacy Overding_____ Title: __Human Resources_____

<u>Work</u> or Home Address: _17243 County Highway D-20, Alden, Iowa_____

**If more than two, list those individuals on a separate document and provide.**

**25.** What was the **date** of the MOST RECENT discriminatory incident? (Month Day, Year)

November 13, 2012_____

RECEIVED
IOWA CIVIL RIGHTS COMM
2013 FEB -5 PM 1:24

Case 3:14-cv-03059-LTS-CJW   Document 2   Filed 09/30/14   Page 24 of 33

**26.** If Employment is the Area, what is your hire date or application date? __April 2005__

Are you still employed by the **Organization** listed in #18? _____ Yes ____X____ No

If no, **when** did your employment **end**? __November 13, 2012____ (Month Day, Year)

If no, **how** did your employment end? ___X___ Terminated _____ Forced to Quit _____ Quit

**BRIEF SUMMARY OF ALLEGATIONS.** Please describe what happened to you. How were you discriminated/harassed/retaliated against. Please be sure to address each action you identified. Insure that your summary reflects the basis you previously identified. *Please read the instruction before writing your brief summary if you have questions.*

I worked for Martin Marietta in Alden, Iowa, for 8 years as a truck driver. I have a disability. In Nov 2010, I was hospitalized for 2 weeks in the ICU with a serious health condition. I was on FMLA and off work for 6 months. When I returned to work I was demoted from the safety captain position I had for 5 years.

In August 2011 I underwent costly medical treatment for one year. Treatment ended Sept 2012. I had side effects from the medication I was on and went to emergency room. When I returned to work the next day and I was reprimanded for taking the afternoon off. Two weeks after going to emergency room I was on FMLA again from December 2011 to May 2012.

When I returned to work in May 2012 with no restrictions, I was not allowed to return to my portable crew position. I was put into a job that required I drive to many different quarries in North Iowa. I was not allowed overtime as I was in my previous position. Martin Marietta hired two new persons for the portable crew. I asked to be returned to my portable crew position but Martin Marietta refused my request.

On November 13, 2012, I was terminated for having an accident in the quarry in Northwood, Iowa. I was unfamiliar with the job site and I arrived at the quarry during the night. There were no lights in the quarry and it was pitch black. I completed my assignment at the quarry and got into truck to leave and I backed to a rock that caused damage to my truck. I know of other non-disabled workers who have had accidents and have not been terminated. I believe Martin Marietta terminated me due to a perceived disability.

I certify under penalty of perjury and pursuant to the laws of the State of Iowa and the laws of the United States of America that the preceding charge is true and correct.

X _Steven Peterson_         _2/4/13_
    **Signature of Complainant**               **Date**

Case 3:14-cv-03059-LTS-CJW   Document 2   Filed 09/30/14   Page 25 of 33

Administrative Release
(Letter of Right-To-Sue)

| To: | ) | From: |
|-----|---|-------|
| | ) | |
| MR. STEVEN PETERSON | ) | Iowa Civil Rights Commission |
| 15186 300TH ST | ) | Grimes State Office Building |
| MASON CITY, IA 50401 | ) | 400 E. 14th Street |
| | ) | Des Moines, Iowa 50319 |

| Complaint CP# 02-13-63818 | EEOC# 26A-2013-00453C |
|---|---|

This is your Administrative Release (Right-To-Sue) Letter issued pursuant to Iowa Code Section 216.16 and 161 Iowa Administrative Code Section 3.10. It is issued pursuant to the Complainant's request.

The following conditions have been met:

1. The complaint was timely filed with the Iowa Civil Rights Commission (ICRC) as provided in Iowa Code Section 216.15(12);

2. Sixty (60) days have expired since the complaint was filed with ICRC;

3. None of the exceptions set forth in Administrative Rule 161 – 3.10(4) are applicable.

With this Administrative Release, the Complainant has the right to commence an action in district court. That action must be commenced within ninety (90) days of the issue date **7/31/2014**. *The Right-to-Sue Letter is not a finding by ICRC on the merits of the charge. ICRC will take no further actions in this matter.*

A copy of this Administrative Release/Letter of Right-To-Sue has been sent to the Respondent(s) and counsel(s) as shown below. The Code allows any party to obtain a complete copy of the case file after a Right-To-Sue has been issued. Requests for copies should be directed to Annette Flaherty at ICRC.

The Iowa Civil Rights Commission
Phone: (515) 281-4121
FAX: (515) 242-5840

cc: File
 SARAH A. REINDL, Complainant's Attorney
 TIMOTHY SHERIDAN, Respondent's Attorney
 MARTIN MARIETTA MATERIALS INC.
 JEFF BALDWIN, PLANT MANAGER
 STACEY OVERDING, HUMAN RIESOURCES

ICRC/S36 (24)



EXHIBIT
B

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Steven S. Peterson
15186 300th St
Mason City, IA 50401

From: Milwaukee Area Office
310 West Wisconsin Ave
Suite 500
Milwaukee, WI 53203

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 26A-2013-00453 | Ora M. Holland, State & Local Coordinator | (312) 869-8078 |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

AUG 0 1 2014

Enclosures(s)

John P. Rowe,
District Director

(Date Mailed)

cc: MARTIN MARIETTA MATERIALS INC.
Attn: Human Resource Manager
17243 County Highway D20
Alden, IA 50006

REINDL LAW FIRM
Attn: Sarah Reindl
100 First Street NW, Suite. 120
Mason City, IA 50401

EXHIBIT
C

## IN THE IOWA DISTRICT COURT FOR WORTH COUNTY

| | |
|---|---|
| STEVEN PETERSON, | |
| Plaintiff, | Case No. LACV012307 |
| v. | |
| MARTIN MARIETTA MATERIALS, INC., and JEFF BALDWIN, and STACY OLBERDING, individually and in their corporate capacities, | NOTICE OF FILING REMOVAL TO FEDERAL COURT |
| Defendant. | |

TO:    Clerk of Court, Iowa District Court for Worth County

Please take notice that on 26th September, 2014, Defendants, Martin Marietta Materials, Inc.,

Jeff Baldwin, and Stacy Olberding, individually and in their corporate capacities, filed a Notice

of Removal of the above-entitled action with the United States District Court for the Northern

District of Iowa, Central Division.  A copy of the Notice of Removal is attached.

WHITFIELD & EDDY, P.L.C.
317 Sixth Avenue, Suite 1200
Des Moines, IA  50309-4195
Telephone: (515) 288-6041
Fax: (515) 246-1474

By     /s/ Bernard L. Spaeth, Jr.
          Bernard L. Spaeth, Jr. AT0007480
          spaeth@whitfieldlaw.com

By     /s/ S. Luke Craven
          S. Luke Craven          AT0010648
          craven@whitfieldlaw.com

ATTORNEYS FOR DEFENDANTS

Original Filed.

**EXHIBIT**

tabbies®      B

Copies to:

Mark D. Sherinian
Sherinian & Walker Law Firm
302 Neptune Building
4401 Westown Parkway
West Des Moines, IA  50266
Telephone:  (515) 224-2079
Facsimile:  (515) 224-2321
Email:  sherinianlaw@msn.com

Sarah A. Reindle
Reindl Law Firm
100 First Street NW, Suite 120
Mason City, Iowa  50401
Phone/Facsimile:  (641)-423-6843
Email:  sarah@reindllawfirm.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause or to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on _____9/26_____, 2014.

By: ☑ U. S. Mail          ☐ eMail
     ☐ Hand Delivered    ☐ Overnight Courier
     ☐ Certified Mail     ☐ Other: _____
     ☐ FAX

Signature: _Tricia Dottle_____

2

IN THE UNITED STATES DISRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| STEVEN PETERSON,<br><br>    Plaintiff,<br><br>v.<br><br>MARTIN MARIETTA MATERIALS, INC.,<br>and JEFF BALDWIN, and STACY<br>OLBERDING, individually and in their<br>corporate capacities,<br><br>    Defendant. | No. 14-cv-3059<br>Worth County Case No. LACV012307<br><br><br>STATEMENT PURSUANT TO LOCAL<br>RULE 81 |

COME NOW, Defendants, Martin Marietta Materials, Inc., Jeff Baldwin, and Stacy

Olberding, individually and in their corporate capacities (hereinafter collectively referred to as

"Defendants"), pursuant Local Rule 81, and states:

    1.    The following is a list of all pleadings and other papers filed in the state court, and

which are attached to this statement:

    a.    Petition and Jury Demand;

    b.    Return of Service filed by the Worth County Sheriff;

    2.    There are no matters pending in the state court that require resolution by this

court.

    3.    Counsel who have appeared in the state court action, their addresses and phone

numbers, facsimile numbers and the party they represent are:

Mark D. Sherinian
Sherinian & Walker Law Firm
302 Neptune Building
4401 Westown Parkway
West Des Moines, IA 50266

Telephone: (515) 224-2079
Facsimile: (515) 224-2321
Email: sherinianlaw@msn.com

Sarah A. Reindle
Reindl Law Firm
100 First Street NW, Suite 120
Mason City, Iowa 50401
Phone/Facsimile: (641)-423-6843
Email: sarah@reindllawfirm.com

ATTORNEYS FOR PLAINTIFF

4. The Civil Cover Sheet is filed contemporaneously herewith.

WHITFIELD & EDDY, P.L.C.
317 Sixth Avenue, Suite 1200
Des Moines, IA 50309-4195
Telephone: (515) 288-6041
Fax: (515) 246-1474

By   /s/ Bernard L. Spaeth, Jr.
    Bernard L. Spaeth, Jr. AT0007480
    spaeth@whitfieldlaw.com

By   /s/ S. Luke Craven
    S. Luke Craven    AT0010648
    craven@whitfieldlaw.com

ATTORNEYS FOR DEFENDANTS

Original Filed.

Copies to:

Mark D. Sherinian
Sherinian & Walker Law Firm
302 Neptune Building
4401 Westown Parkway
West Des Moines, IA 50266
Telephone: (515) 224-2079
Facsimile: (515) 224-2321
Email: sherinianlaw@msn.com

<table>
<tr><td colspan="2" align="center"><b>CERTIFICATE OF SERVICE</b></td></tr>
<tr><td colspan="2">The undersigned certifies that the foregoing instrument was served upon all parties to the above cause or to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on <u>9/26</u>, 2014.</td></tr>
<tr><td>By: ☑ U. S. Mail<br>☐ Hand Delivered<br>☐ Certified Mail<br>☐ FAX</td><td>☐ eMail<br>☐ Overnight Courier<br>☐ Other: _____</td></tr>
<tr><td colspan="2">Signature: <i>Tricia Dittle</i></td></tr>
</table>

2

Sarah A. Reindle
Reindl Law Firm
100 First Street NW, Suite 120
Mason City, Iowa  50401
Phone/Facsimile:  (641)-423-6843
Email:  sarah@reindllawfirm.com

ATTORNEYS FOR PLAINTIFF

IN THE IOWA DISTRICT COURT FOR WORTH COUNTY

Case Name  PETERSON, STEVEN
VS.         MARTIN MARIETTA MATERIALS INC   Return of Service:          Type of
                                                                        Service Code

                                            Personal                         1
Case No.  LACV012307                      X Dwelling/Substitute               2
Notice Recd. This Date  8/28/2014           Hotel,Boarding/Rooming House       3
                                          X Corporation/Association            4
State of Iowa          )                    Official (State,County,City)       5
                       )                    Spouse Away from Residence          6
HARDIN          County)                     Other                              7
                                            Diligent Search                    8

I Certify That I Served a Copy of:

     ORIGINAL NOTICE
     PETITION
     DEMAND FOR JURY TRIAL
MARTIN MARIETTA MATERIALS INC      By Serving HARDING, JANAAN             (4)
  (Company/Government Unit Name)                  (Name)
     On  8/28/2014 13:20 At 17487 CO HWY D20  ALDEN
ITS (Title)   (Date)   (Time) (Address)       In HARDIN         County
BALDWIN, JEFF                      By Serving HARDING, JANAAN             (2)
     At 17487 CO HWY D-20 ALDEN    In HARDIN          County
                                         On  8/28/2014  13:20
(A Person Residing Therein Who Was Then at Least 18 Years Old) Or
(Spouse-Away-From-Residence). (Strike Non-Applicable Part.)
OLBERDING, STACY                   By Serving HARDING, JANAAN             (2)
     At 17487 CO HWY D-20  ALDEN    In HARDIN          County
                                         On  8/28/2014  13:20
(A Person Residing Therein Who Was Then at Least 18 Years Old) Or
(Spouse-Away-From-Residence). (Strike Non-Applicable Part.)

                         FEES CHARGED TO/PAID BY ATTY:
                         REINDL LAW FIRM
FEES:

SERVICE           35.00   DATE  9-4-2014      CHECK #  1440
MILEAGE           30.51
COPY                .50
Total             66.01   DAVID L. MCDANIEL              , Sheriff

                    By _____ ,DEPUTY
                       KIRKPATRICK, BRADLEY K.

Note:  Copy of original notice, if served, must be attached to this form.